IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN SILLS<br>74 Ronald Drive<br>Burlington, NJ 08016<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDUCATIONAL COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES<br>3624 Market Street<br>Philadelphia, PA 19104-2685<br><br>　　　　Defendant. | CIVIL ACTION<br><br>NO.: _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Ryan Sills (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Family and Medical Leave Act.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

3. This Court has personal jurisdiction over Defendant because Defendant, by systematically soliciting business in Pennsylvania (operating a school district therein), has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington*, 326 U.S. 309 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in this district and is subject to personal jurisdiction in Pennsylvania. Additionally, all transactions and occurrences underlying the allegations in this action occurred in Philadelphia, Pennsylvania.

### III. **PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full. Plaintiff is an adult individual with an address as set forth above.

6. Defendant Educational Commission for Foreign Medical Graduates ("hereinafter Defendant") is a corporation that assesses the readiness of international medical graduates to enter residency or fellowship programs in the United States and offers programs and services to physicians educated abroad and other members of the international medical community.

7. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV. **FACTUAL BACKGROUND**

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff was hired by Defendant in or about May of 2005 as a customer service representative.

10. In May of 2007, Plaintiff took a medical leave of absence from Defendant because he was suffering from depression and panic attacks.

11. During Plaintiff's medical leave of absence, he provided Defendant with medical documentation which indicated that he could not return to work for approximately two (2) to three (3) months.

12. Defendant was aware that Plaintiff was taking a medical leave of absence in May of 2006 because of depression and anxiety.

13. Defendant sent a letter to Plaintiff on or about July 9, 2007 indicating that Plaintiff was terminated for failing to contact Defendant.

14. Plaintiff requested that Defendant place him into another employment position and Defendant refused.

15. Plaintiff believes that his termination was unlawfully motivated and premised upon him taking a medical leave of absence.

## Count I
### Violation of the Family and Medical Leave Act (Interference & Retaliation)

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

18. Plaintiff informed Defendant, his employer, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i) about his need for a medical leave of absence.

19. Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

20. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

21. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1) for a total of twelve (12) work weeks of leave because he had qualifying physical health problems, namely depression and/or panic disorder.

22. Defendant had an affirmative obligation to enter into an interactive process with Plaintiff and to inform him of his rights under the FMLA but completely failed to do so.

23. Defendant violated the FMLA by not informing Plaintiff of his FMLA rights, not permitting Plaintiff to take leave under the FMLA, and by not restoring Plaintiff to his previous position following his medical leave.

24. Defendant's actions constitute interference violations of the FMLA, as well as retaliation violations of the FMLA because it was Defendant's intent to penalize Plaintiff for taking a medical leave of absence.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff or any other present employees on any basis forbidden by the FMLA;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful,

deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal law.

Respectfully submitted,

**KARPF, KARPF & VIRANT**

By: *Jeremy M. Cerutti*
Ari R. Karpf, Esquire
Jeremy M. Cerutti, Esquire
3070 Bristol Pike
Bldg. 2, Ste. 231
Bensalem, PA 19020
(215) 639-0801

Dated: September 28, 2007