IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN SILLS,  :  <br>  :  <br> Plaintiff,  :  <br>  :  <br> v.  :  <br>  :  <br> EDUCATIONAL COMMISSION FOR  :  <br> FOREIGN MEDICAL GRADUATES,  :  <br>  :  <br> Defendant.  :  | Civil Action No. 2:07-cv-04637-JG <br><br> **ELECTRONICALLY FILED** |

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by its attorneys, hereby answers Plaintiff Ryan Sills' ("Plaintiff") Complaint in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

1. ECFMG admits that Plaintiff purports to bring this action for alleged violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA"). ECFMG denies that it has violated the FMLA and that Plaintiff is entitled to any relief.

2. The allegations of paragraph 2 of the Complaint constitute conclusions of law to which no responsive pleading is required.

3. ECFMG denies that it operates a school district in Pennsylvania. The remaining allegations of paragraph 3 of the Complaint constitute conclusions of law to which no responsive pleading is required.

4. The allegations of paragraph 4 of the Complaint constitute conclusions of law to which no responsive pleading is required.

5. ECFMG incorporates by reference its responses to Paragraphs 1-4 of the Complaint as if fully set forth herein. ECFMG admits that its records reflect Plaintiff's address to be that which is set forth in the caption of Plaintiff's Complaint.

6. Admitted.

7. The allegations of paragraph 7 of the Complaint constitute conclusions of law to which no responsive pleading is required.

8. ECFMG incorporates by reference its responses to Paragraphs 1-7 of the Complaint as if fully set forth herein.

9. ECFMG admits that Plaintiff was hired by ECFMG in or about May of 2005. ECFMG denies that Plaintiff was hired as a customer service representative. By way of further response, Plaintiff was hired as an Education Program Assistant.

10. ECFMG admits only that Plaintiff took a medical leave of absence in May of 2007 and that his health care provider certified that he was suffering from depression and panic attacks. ECFMG lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and, therefore, denies them.

11. ECFMG admits that Plaintiff provided ECFMG with documentation regarding his need for medical leave. Such documentation speaks for itself, and ECFMG denies any and all allegations inconsistent with the express terms of such documentation.

12. It is admitted that Plaintiff requested a medical leave of absence in May of 2007, claiming depression and anxiety. The remaining allegations of Paragraph 12 are denied.

13. ECFMG admits that it sent a letter to Plaintiff on July 9, 2007. That letter is a document which speaks for itself, and ECFMG denies any and all allegations inconsistent with its express terms.

14. It is admitted that Plaintiff requested that ECFMG place him into another employment position. It is denied that ECFMG refused to do so.

15. ECFMG lacks information or knowledge sufficient to form a belief as to the truth of the allegation as to what Plaintiff "believes" and, therefore, denies the same. ECFMG denies that Plaintiff's termination was unlawfully motivated and premised upon his taking a medical leave of absence.

**Count I**

16. ECFMG incorporates by reference its responses to Paragraphs 1-15 of the Complaint as if fully set forth herein.

17. The allegations of paragraph 17 of the Complaint constitute conclusions of law to which no responsive pleading is required.

18. ECFMG admits that Plaintiff was employed by ECFMG for at least twelve (12) months. ECFMG further admits that Plaintiff informed ECFMG that he needed a medical leave of absence. The remaining allegations of paragraph 18 of the Complaint constitute conclusions of law to which no responsive pleading is required.

19. Admitted.

20. Admitted.

21. The allegations of paragraph 21 of the Complaint constitute conclusions of law to which no responsive pleading is required.

22. The allegations of paragraph 22 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent they contain an allegation of fact, they are denied.

23. Denied.

24. Denied.

ECFMG denies that Plaintiff is entitled to any damages or other relief, including that requested in the **WHEREFORE** paragraph of the Complaint.

**WHEREFORE**, ECFMG demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, and awarding ECFMG reimbursement of costs and attorneys' fees incurred in defending this suit, and such further relief as the Court may deem proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims for monetary damages are barred or diminished to the extent that he failed to mitigate such damages.

### THIRD DEFENSE

Plaintiff is not entitled to recover liquidated damages under the FMLA because ECFMG acted in good faith and reasonably believed that it did not violate the FMLA.

## **FOURTH DEFENSE**

Every action taken by ECFMG with regard to Plaintiff was based on legitimate, non-discriminatory, non-retaliatory reasons.

ECFMG reserves the right to assert additional defenses that become known through discovery.

Respectfully submitted,

  /s/ Christina Joy F. Grese
Michael J. Ossip (Pa. I.D. No. 30912)
Christina Joy F. Grese (Pa. I.D. No. 200797)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
215.963.5761/5085

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Eastern District of Pennsylvania, and that I served the same via electronic filing and first class mail, postage prepaid, on January 7, 2008, upon the following:

> Ari R. Karpf, Esquire
> Jeremy M. Cerutti, Esquire
> Karpf, Karpf & Virant
> 3070 Bristol Pike
> Bldg. 2, Ste. 231
> Bensalem, PA  19020
>
> *Attorneys for Plaintiff*

　　　/s/ Christina Joy F. Grese
CHRISTINA JOY F. GRESE