IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN SILLS,<br><br>      Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES,<br><br>      Defendant. | Civil Action No. 2:07-cv-04637-JG |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") moves for the entry of an order dismissing the Complaint filed by Plaintiff Ryan Sills ("Mr. Sills") in its entirety with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In support of its Motion, as stated more fully in the supporting Memorandum of Law being filed concurrently herewith, ECFMG states as follows:

    1.    Mr. Sills filed the instant action on November 5, 2007, claiming that ECFMG, his former employer, violated the Family and Medical Leave Act ("FMLA") by not (1) informing him of his FMLA rights; (2) permitting him to take leave under the FMLA; and (3) restoring him to his previous position following his medical leave. On January 7, 2008, ECFMG filed its Answer and Affirmative Defenses to Plaintiff's Complaint ("Answer"), in which it denied all substantive allegations in the Complaint.

    2.    On February 15, 2008, this Court set a scheduling order in which fact discovery was required to be completed by June 6, 2008, and the case was to be ready for trial by December 3, 2008.

3. On February 11, 2008, the parties exchanged discovery requests. ECFMG responded to Mr. Sills' First Set of Interrogatories and First Request for Production of Documents on March 11, 2008. Mr. Sills failed to respond to ECFMG's First Set of Interrogatories and Requests for Production of Documents when they were due on or about March 17, 2008.

4. On April 8, 2008, after leaving several voice messages with Mr. Sill's counsel, counsel for ECFMG sent Mr. Sills' counsel a letter addressing Mr. Sills' failure to respond to ECFMG's discovery requests or request an extension of time to respond. In this letter ECFMG requested that Mr. Sills immediately respond to its February 11, 2008 discovery requests. *See* April 8, 2008 Letter, attached to the Memorandum of Law as Exhibit A. On April 10, 2008, Sills' counsel responded by e-mail, indicating that he had not yet received Mr. Sills' responsive documents and verification for his interrogatory responses, but expected to receive them the following day. *See* April 10, 2008 E-mail, attached to the Memorandum of Law as Exhibit B.

5. On April 17, 2008, after still not receiving responses to ECFMG's discovery requests, counsel for ECFMG telephoned Mr. Sills' counsel and left a voice message inquiring as to the status of Mr. Sills' outstanding discovery responses. Mr. Sills' counsel responded on April 18, 2008, again indicating that Mr. Sills had not yet provided his verification. *See* April 18, 2008 E-mail, attached to the Memorandum of Law as Exhibit C. On April 22, 2008, Mr. Sills' counsel submitted an e-mail to ECFMG's counsel stating that if Mr. Sills did not contact them by the close of business and authorize them to submit his discovery responses, they would file a motion to withdraw as his counsel. *See* April 22, 2008 E-mail, attached to the Memorandum of Law as Exhibit D.

6.  On April 23, 2008, after repeated unsuccessful attempts to reach Mr. Sills by mail and telephone, Mr. Sills' counsel filed a Petition to Withdraw ("Petition").  *See* Petition to Withdraw, attached to the Memorandum of Law as Exhibit E.  This Petition recounted Mr. Sills' failure to cooperate with his counsel by refusing to communicate with them and by failing to appear at scheduled appointments, and noted that Mr. Sills had been warned multiple times, in writing and by telephone message, that his failure to cooperate would result in his counsel being forced to file a petition to withdraw.

7.  On May 14, 2008, the Court ordered Mr. Sills to appear at a hearing on June 2, 2008, and show cause why the Petition should not be granted.  *See* May 14, 2008 Order, attached to the Memorandum of Law as Exhibit F.

8.  Mr. Sills failed to appear at the June 2, 2008 hearing, even though he received and signed for the letter his counsel sent him via registered mail enclosing the Court's hearing order.  At the hearing, ECFMG's counsel made an oral motion to dismiss Mr. Sills' Complaint for lack of prosecution.

9.  The Court granted the Petition to Withdraw on June 2, 2008, and ordered a thirty-day suspension of all previously scheduled dates, except for the trial and final pretrial conference dates, and stated that it would take under advisement ECFMG's oral motion to dismiss for failure to prosecute.  *See* June 2, 2008 Order, attached to the Memorandum of Law as Exhibit G.

10.  Under circumstances where, as here, the plaintiff fails to prosecute his case, the Court may exercise its discretion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure to dismiss the action with prejudice for failure to prosecute.  Fed. R. Civ. P. 41(b); *see also Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002).

11. Mr. Sills has not offered any justification for his failure to: (1) respond to ECFMG's discovery requests, which are three months overdue; or (2) comply with this Court's rules and orders. Other than filing his Complaint and serving ECFMG with discovery requests, Mr. Sills has not prosecuted his claims in any meaningful manner. As a result, Mr. Sills' Complaint should be dismissed in its entirety, with prejudice.

WHEREFORE, Defendant Educational Commission of Foreign Medical Graduates respectfully requests that this Court enter an order dismissing Plaintiff Ryan Sill's Complaint in its entirety, with prejudice, for failure to prosecute his claims.

Respectfully submitted,

Dated: June 13, 2008

/s/ Christina Joy F. Grese
Michael J. Ossip (Pa. ID No. 30912)
Christina Joy F. Grese (Pa. ID No. 200797)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19101
215.963.5066/5085

Attorneys for Defendant,
Educational Commission for Foreign
Medical Graduates