IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN SILLS,<br><br>    Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES,<br><br>    Defendant. | Civil Action No. 2:07-cv-04637-JG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE**

### I.  INTRODUCTION

Plaintiff Ryan Sills ("Mr. Sills") has completely failed to prosecute the claims asserted in his Complaint against Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"). He has failed to respond to ECFMG's discovery requests, and his responses are now three months overdue. In addition, Mr. Sills failed to cooperate with his counsel, refusing to communicate with them and failing to appear at scheduled appointments, even after multiple warnings from his counsel, both in writing and by telephone message, that his failure to cooperate would result in his counsel being forced to file a petition to withdraw as counsel. Following the filing of his counsels' Petition to Withdraw, Mr. Sills blatantly ignored the Court's order requiring him to appear at a hearing on June 2, 2008 and show cause why his counsel's Petition to Withdraw should not be granted. Mr. Sills has offered no justification or explanation for his failure to take an active role in the prosecution of his case. ECFMG has been and will continue to be prejudiced by Mr. Sills' inaction because it cannot defend this action without the opportunity to discover the basis for the allegations in the Complaint. Consequently, Mr. Sills'

Complaint should be dismissed in its entirety, with prejudice, for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  STATEMENT OF RELEVANT FACTS

Mr. Sills filed his Complaint in this matter on November 5, 2007, alleging that ECFMG, his former employer, violated the Family and Medical Leave Act ("FMLA") by not (1) informing him of his FMLA rights; (2) permitting him to take leave under the FMLA; and (3) restoring him to his previous position following his medical leave.  On January 7, 2008, ECFMG filed its Answer and Affirmative Defenses to Plaintiff's Complaint ("Answer"), in which it denied all substantive allegations in the Complaint.  On February 15, 2008, this Court set a scheduling order in which fact discovery was required to be completed by June 6, 2008, and the case was to be ready for trial by December 3, 2008.  On February 11, 2008, the parties exchanged discovery requests.  ECFMG responded to Mr. Sills' First Set of Interrogatories and First Request for Production of Documents on March 11, 2008.

Mr. Sills' responses to ECFMG's discovery requests were due on or about March 17, 2008; however, he failed to respond or request an extension by that date.  After leaving several voice messages with Mr. Sills' counsel regarding Mr. Sills' overdue discovery responses, counsel for ECFMG sent a letter to Mr. Sills' counsel on April 8, 2008, noting that Mr. Sills' discovery responses were three weeks overdue, and that ECFMG had received no communication regarding these responses and no request for an extension.  *See* April 8, 2008 Letter, attached hereto as Exhibit A.  In this letter ECFMG requested that Mr. Sills immediately respond to its February 11, 2008 discovery requests.  *Id.*  On April 10, 2008, Sills' counsel responded, indicating that he had not yet received Mr. Sills' responsive documents and

2

verification for his interrogatory responses but expected to receive them the following day. *See* April 10, 2008 E-mail, attached hereto as Exhibit B.

On April 17, 2008, after still not receiving responses to ECFMG's discovery requests, counsel for ECFMG telephoned Mr. Sills' counsel and left a voice message inquiring as to the status of Mr. Sills' outstanding discovery responses. Mr. Sills' counsel responded on April 18, 2008, again indicating that Mr. Sills had not yet provided his verification. *See* April 18, 2008 E-mail, attached hereto as Exhibit C. On April 22, 2008, Mr. Sills' counsel submitted an e-mail to ECFMG's counsel stating that if Mr. Sills did not contact them by the close of business and authorize them to submit his discovery responses, they would file a motion to withdraw as his counsel. *See* April 22, 2008 E-mail, attached hereto as Exhibit D.

Mr. Sills did not contact his counsel and, consequently, his counsel filed a Petition to Withdraw ("Petition") on April 23, 2008, recounting their repeated unsuccessful attempts to reach Mr. Sills by mail and by telephone, and Mr. Sills' failure to communicate with them and appear at scheduled appointments. *See* Petition to Withdraw, attached hereto as Exhibit E. This Petition also noted that Mr. Sills had been warned multiple times, in writing and by telephone message, that his failure to cooperate would result in his counsel being forced to file a petition to withdraw. *Id.*

On May 14, 2008, the Court ordered Mr. Sills appear at a hearing on June 2, 2008, and show cause why his counsel's Petition should not be granted. *See* May 14, 2008 Order, attached hereto as Exhibit F. Mr. Sills failed to appear at the June 2, 2008 hearing, even though he received and signed for the letter his counsel sent him via registered mail enclosing the Court's hearing order. At the hearing, ECFMG's counsel made an oral motion to dismiss Mr. Sills' Complaint for lack of prosecution. The Court granted the Petition on June 2, 2008, and ordered a

thirty-day suspension of all previously scheduled dates, except for the trial and final pretrial conference dates. *See* June 2, 2008 Order, attached to the Memorandum of Law as Exhibit G. In its Order, the Court noted that it would take under advisement ECFMG's oral motion to dismiss for lack of prosecution. *Id.*

## III.   ARGUMENT

### A.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may exercise its discretion to dismiss any action with prejudice for failure to prosecute, and the court's decision is subject to review only for abuse of discretion. Fed. R. Civ. P. 41(b); *see Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (affirming district court's dismissal for failure to prosecute and failure to comply with court orders). In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962), the Supreme Court observed:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law ... and dismissals for want of prosecution in equity.

(internal citations omitted). Courts in this circuit routinely exercise their discretionary authority under Rule 41(b) and dismiss cases for failure to prosecute due to repeated dilatory conduct by plaintiffs. *See, e.g., Workman v. Biles*, No. 00-1030, 2004 WL 609812 (D. Del. Mar. 18, 2004); *Grine v. Coombs*, 214 F.R.D. 312 (W.D. Pa. 2003), *aff'd*, 98 Fed. Appx. 178 (3d Cir. 2004); *Johnson v. Sch. Dist. of City of Philadelphia*, No. 98-4970, 1999 WL 317051 (E.D. Pa. May 19, 1999).

4

When deciding a motion to dismiss for failure to prosecute, a court must consider: "(1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "It is not necessary, however, for all of the factors to be met to warrant dismissal." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989).

### B. Mr. Sills' Complaint Should Be Dismissed For Failure To Prosecute

Mr. Sills has made no attempt to prosecute his claims in any meaningful way. His responses to ECFMG's discovery requests have been due for three months. Further, Mr. Sills failed to comply with this Court's Order directing that he appear at the June 2, 2008 hearing and show cause why his counsel's Petition to Withdraw should not be granted, even though he received and signed for the letter sent by his counsel enclosing a copy of that Order. Mr. Sills' inaction is his responsibility alone, and not that of his counsel.

In contrast, ECFMG has responded to Plaintiff's discovery requests and has complied with all of this Court's orders. ECFMG has been and will continue to be prejudiced by Mr. Sills' actions because it has no way to conduct meaningful discovery of Mr. Sills' claims without his cooperation and participation in the discovery process. Without such an opportunity, ECFMG cannot effectively defend against this action. Mr. Sills' neglect of his duties in this action is unjustified and inexcusable. As a result, the Complaint should be dismissed in its entirety, with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant Educational Commission for Foreign Medical Graduates respectfully requests that this Court dismiss Plaintiff Ryan Sills' Complaint in its entirety, with prejudice.

Respectfully submitted,

Dated: June 13, 2008

/s/ Christina Joy F. Grese
Michael J. Ossip (Pa. ID No. 30912)
Christina Joy F. Grese (Pa. ID No. 200797)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19101
215.963.5066/5085

Attorneys for Defendant,
Educational Commission for Foreign
Medical Graduates